UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| WAH SYLJERVID,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LT. HANSEN, in his/her individual and official capacity; ASSOCIATE WARDEN COOK, in his/her individual and official capacity; CHIEF WARDEN DARREN YOUNG, in his individual and official capacity; DOUG CLARK, DEPUTY SECRETARY OF CORRECTIONS, in his individual and official capacity; MIKE LEIDHOLT, SECRETARY OF CORRECTIONS, in his individual and official capacity, OFFICER STEVEN SWYGERT, in his individual and official capacity, UNIT MANAGER DEREK EKEREN, in his individual and official capacity, and MAJOR ROTART, in his/her individual and official capacity;<br><br>　　　　　Defendants. | 4:21-CV-04125-LLP<br><br>1915A SCREENING ORDER FOR DISMISSAL |

Plaintiff, Wah Syljervid, an inmate at the South Dakota State Penitentiary, filed a pro se lawsuit under 42 U.S.C. § 1983 alleging violations of the First and Eighth Amendments. Doc. 1. He filed a motion to proceed in forma pauperis and provided his prisoner trust account. Docs. 2 and 5. Syljervid also filed a motion to for the appointment of counsel. Doc. 3. This Court granted Syljervid's motion to proceed in forma pauperis on July 28, 2021. Doc. 6. He paid his initial filing fee on August 20, 2021. This Court will now screen Syljervid's complaint under 28 U.S.C. § 1915A.

**FACTUAL BACKGROUND**

1

On February 27, 2021, Syljervid was showering in Jamison Annex, when he was approached by Swygert, who had a broomstick with a scrub brush on it. Doc. 1 at 6. Swygert asked Syljervid if he had ever had his back scrubbed by a white man. *Id.* Syljervid claims that Swygert "used his correctional officer authority to sexually harass [him] in the shower and then make [his] life miserable after the fact." *Id.* at 5. He alleges that the other defendants are responsible for allowing this to happen with no recourse. *Id.* Syljervid claims that he has been in constant fear since the incident. *Id.* at 6. Syljervid brings a claim for sexual harassment in violation of his Eighth Amendment rights against Swygert and against the remaining defendants for failing to prevent the harassment. *Id.* at 3, 5. He also states a claim for violation of his First Amendment rights. *Id.* at 3. He seeks to have Swygert fired and to be compensated $500,000 plus punitive damages. *Id.* at 6.

Syljervid sues Swygert, Ekeren, Hansen, and Rotert in their individual and official capacities. *Id.* at 2-3. He does not specific the capacities in which he sues Cook, Young, Clark, and Leidholt. *Id.* at 4. Construing his complaint liberally, this Court finds that he named those defendants in their individual and official capacities as well.

## LEGAL BACKGROUND

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights

complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Syljervid alleges violations of the United States Constitution. The Court will now assess each individual claim under 28 U.S.C. § 1915A.

## DISCUSSION

### I. Official Capacity Claims

Syljervid has sued all defendants in their individual and official capacities. Doc. 1 at 2-3, 5. All defendants were employees of the South Dakota Department of Corrections at the time of the incident in question. *Id.* As the Supreme Court has stated, "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469

3

U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-243 (2009). Here, Syljervid seeks both money damages and injunctive relief. *Id.* at 6. Claims against defendants in their official capacities are the equivalent of claims for money damages against the state of South Dakota. The state of South Dakota has not waived its sovereign immunity to allow Syljervid's official capacity claims for money damages. Thus, the defendants are protected against official capacity claims for money damages, and Syljervid's official capacity claims for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## II. Eighth Amendment Claims

Syljervid alleges that Swygert sexually harassed him and that the other defendants allowed this to happen in violation of his Eighth Amendment rights. Doc. 1 at 3, 5. "The Constitution 'does not mandate comfortable prisons'; it prohibits 'inhumane ones.'" *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The Supreme Court has clarified that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotations omitted). The Supreme Court has listed as basic human needs "food, clothing, shelter, medical care, and

reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989)).

In order to prevail on an Eighth Amendment conditions of confinement claim, a prisoner must prove that (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Revels*, 382 F.3d at 875; *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998). To show deliberate indifference, an inmate must demonstrate that a prison official knew the "inmate[] face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *Coleman v. Rahija*, 114 F.3d 778, 786 (8th Cir. 1997). Mere negligence does not constitute deliberate indifference. *Warren v. Missouri*, 995 F.2d 130, 131 (8th Cir. 1993).

**A. Claim Against Swygert**

Syljervid claims that Swygert's actions constituted sexual harassment in violation of his Eighth Amendment rights. Doc. 1 at 3, 5. "[The Eighth Circuit Court of Appeals has] previously held that prisoners can state a cause of action for sexual harassment under 42 U.S.C. § 1983[.]" *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citing *Watson v. Jones*, 980 F.2d 1165, 1166 (8th Cir. 1992). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused "pain" and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). But "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain." *Howard v. Everett*, 208 F.3d 218 (Table) at *1 (8th Cir. 2000).

5

Here, Syljervid alleges verbal sexual harassment, but he makes no allegation of physical contact or touching. Thus, he cannot meet the standard set by the Eighth Circuit in *Howard*. Syljervid's Eighth Amendment claim for sexual harassment against Swygert is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### B. Claims Against Remaining Defendants

Syljervid asserts his Eighth Amendment claim against Ekeren, Hansen, Rotert, Cook, Young, Clark, and Leidholt, arguing that they allowed the incident to happen. Doc. 1 at 2-5. He claims that nobody helped him or reprimanded Swygert. *Id.* at 6. Syljervid makes no factual allegations as to these defendants other than to claim that they failed to help. Because Swygert's actions do not rise to the level of a constitutional deprivation, a failure to prevent them cannot be a constitutional deprivation as well. Thus, Syljervid's Eighth Amendment claims for sexual harassment against Ekeren, Hansen, Rotert, Cook, Young, Clark, and Leidholt are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### III. First Amendment Claims

Syljervid also brings claims against all defendants for violation of his First Amendment rights. *Id.* at 3. He does not specify which First Amendment rights were violated or how the incident in question violated his rights. *See id.* at 3, 5-6. Syljervid does not present a cognizable First Amendment claim, and his First Amendment claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### IV. Strike

Syljervid's complaint fails to state a claim upon which relief may be granted. Syljervid's complaint is dismissed without prejudice, and judgment will be entered in favor of the defendants. Further, section 1915(g) states as follows:

6

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Syljervid's filing of a lawsuit that fails to state a claim upon which relief may be granted constitutes a strike against him for purposes of the three-strike rule under 28 U.S.C. § 1915(g). This is Syljervid's first recorded strike.

Accordingly, it is ORDERED

1. That all of Syljervid's claims are dismissed without prejudice against defendants in their individual and official capacities under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. That Syljervid's Complaint is dismissed, and he is assessed a strike under 28 U.S.C. § 1915(g). This is Syljervid's first recorded strike.

3. That Syljervid's motion to appoint counsel, Doc. 4, is denied as moot.

DATED August 30th, 2021.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge